N. B. JORDAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1849.   Promulgated June 21, 1927.

The evidence does not show that the petitioner sustained a deductible loss in 1921 in excess of that allowed by the respondent.

*Walter Mucklow, C. P. A.*, for the petitioner.
*Joseph Harlacher, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for 1921 of $97.02 arising from the disallowance of a deduction from gross income in petitioner's income-tax return of $918.12 as a loss claimed to have been sustained in 1921.

FINDINGS OF FACT.

The petitioner is a resident of Quincy, Fla. In 1921, one Julian Howard had a credit with the brokerage concern of C. B. Cates & Co., Jacksonville, Fla., of $2,024.37. Howard entered into an agreement with the petitioner to the effect that he would loan him this credit. Any loss sustained upon the credit was to be a loss of the petitioner and any gain derived from the credit was to be a gain of the petitioner. Cates & Co. was not a party to this agreement and knew nothing about it. All transactions of the petitioner with the brokers were conducted in Howard's name. With this credit the petitioner purchased in the name of Howard 100 shares of American Sumatra Tobacco Co. stock for $4,318.75. Cates & Co. became financially involved in November or December, 1921, at which time it sold the American Sumatra Tobacco Co. stock standing in the name of Howard, without any authority from either Howard or Jordan, for $3,212.50. This sale resulted in a loss to the petitioner of $1,106.25

and it left a credit to Howard on the books of Cates & ˚Co. of $918.12. The petitioner paid over to Howard in installments during the years 1921 and 1922 the amount of $2,024.37, the use of which had been loaned to him by Howard, and in his income-tax return for 1921 claimed the deduction from gross income of the full amount of $2,024.37. The Commissioner allowed the deduction from gross income of $1,106.25, representing the loss sustained upon the sale by the brokers of the 100 shares of American Sumatra Tobacco Co. stock, but disallowed the deduction of $918.12, representing the balance of the credit on the books of Cates & Co. paid over to Howard by the petitioner either in 1921 or 1922.

In 1921, the receivers for Cates & Co. paid a dividend to Howard of $183.60, which was in full liquidation of the brokerage company. Howard paid this amount over to the petitioner and the petitioner returned the same as income of the year 1922.

### OPINION.

SMITH: The taxing statute permits the deduction from gross income in income-tax returns of an individual of—

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

(7) Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part. (Sec. 214(a), Rev. Act of 1921.)

The evidence is not clear as to whether the petitioner paid Howard the amount owing to him on the books of the brokers in 1921 or 1922. The record does not show the assets and liabilities of Cates & Co. as of the close of the year 1921. So far as anything that is before us is concerned, the petitioner might have expected that he would sustain no loss as a result of the insolvency of Cates & Co. beyond the loss upon the American Sumatra Tobacco Co. stock transaction. Apparently, there was no privity of contract between the brokerage company and the petitioner. The latter was not subrogated to Howard's rights as a creditor of the brokerage company until he had paid Howard the amount of the credit standing in Howard's name upon the broker's books. As indicated above, we have no knowledge of whether this was in 1921 or 1922.

*Judgment will be entered for the respondent.*